**UNITED STATES of America ex rel. Fred GOLDSTEIN, Petitioner,**

v.

**Robert S. McNAMARA, Secretary of Defense,**

**Stanley R. Resor, Secretary of the Army,**

and

**CDR Edward O'Malley, USNR, Officer-in-Charge Armed Forces Examining & Induction Station, Respondents.**

**Misc. No. 3602.**

United States District Court
E. D. Pennsylvania.

July 20, 1967.

Bernard L. Segal, James J. Orlow, Philadelphia, Pa., for petitioner.

Drew J. T. O'Keefe, U. S. Atty., and James C. Lightfoot, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

## OPINION AND ORDER

WOOD, District Judge.

This is a petition for a writ of habeas corpus by a former reservist[1] who was inducted into the United States Army on July 10, 1967 for alleged failure to perform his Reserve duties. Petitioner claims the order to induct him is void because the certification on which the order is based is arbitrary and unlawful in that the army regulations 135–90[2] are illegal for various reasons, the regulations themselves were not complied with, the certification of his unsatisfactory performance was motivated by his officer's personal dislike of him and finally that the relevant section of the Universal Military Training Act is unconstitutional.

Private Goldstein filed a civil action, number 42979 in this Court seeking to enjoin his induction. A hearing was held before Judge Joseph S. Lord, III on June 27, 1967. Judge Joseph Lord dismissed the complaint for lack of jurisdiction and in the alternative entered judgment in favor of defendants on the merits. The United States Court of Appeals for the Third Circuit, concluding that the District Court lacked jurisdiction, on July 5, 1967 denied a motion for supersedeas and ordered that the cause be dismissed without prejudice to any action that Goldstein might file after his induction into the armed services as a soldier on active duty.

The Government moved to dismiss the present petition because the relator had failed to exhaust his administrative

---

1. The purpose of the reserve component is to provide trained units and qualified persons available for active duty in the armed forces, in time of war or national emergency and at such other times as the national security requires, to fill the needs of the armed forces whenever, during, and after the period needed to procure and train additional units and qualified persons to achieve the planned mobilization, more units and persons are needed than are in the regular components. 10 U.S.C. § 262. Congress has specifically provided that reservists be deferred from induction. 50 App.U.S.C. § 456(c) (2) (A). Reservists who properly report to their Local Board are classified 1 D. Their period of active duty training varies but usually takes from four to six months.

2. These are the relevant Army Regulations in this case and are contained in Exhibit D–7 in Civil Action No. 42979. They define the Service obligations, methods of fulfillment and enforcement procedures of the reserve components of the United States Army. They are apparently promulgated pursuant to 10 U.S.C. § 280, by the Department of the Army.

remedies, because the suit was res judicata, because this was an uncontested suit against the Government, and because the relator failed to state a claim upon which relief could be granted. We held a hearing on July 13, 1967 and the parties agreed that we could dispose of the issues by considering the testimony taken before Judge Joseph Lord, III.

Goldstein was a member of the United States Army Reserve attached to Company C, 157th Support Battalion. His commanding officer on May 19, 1967 requested advice from the Commanding General of XXI Army Corps regarding petitioner. Lt. Fossett wrote that Goldstein had missed seven meetings, had performed unsatisfactorily in others and had refused to accept official certified mail. The Corps apparently advised him that Goldstein could be ordered for priority induction. He was then certified to the Selective Service Board for priority induction and was actually inducted on July 10, 1967.

The case was processed through the normal channels of the XXI Army Corps by examining the file held by the unit but no investigation independent of this was made. No medical inquiries were made to determine whether submitted excuses were valid. The matter was left in the discretion of Lt. Fossett.

Relator still has a 1 D classification according to his Local Board, which acts only as an agent to the Reserves in these matters. The Board is forbidden to reclassify or reopen the case. The order to report is automatic once the certification from the Reserves has been received.

## FINDINGS OF FACT

1. Relator enlisted in the United States Army Reserve on March 23, 1964 for a period of six years and served on active duty from June 8, 1964 to October 17, 1964.

2. Relator was required to perform 45 days of active duty from July 12, 1966 to September 20, 1966 ostensibly for failing to attend the required amount of drills.

3. All reservists are required to attend 48 paid drills a year and 15 days of summer training. In Goldstein's unit, 4 drills were held one weekend of each month. In the event he could not attend a drill, an equivalent training period was required.

4. Relator between September, 1966 and May, 1967, inclusive, had seven unexcused absences. Although he submitted medical excuses for his absences, the Commanding Officer refused to accept them. No hearing was given to Goldstein nor was any warning given him that Lieutenant Fossett was considering him for induction nor was Goldstein aware that his excuses were unacceptable.

5. On May 10, 1967, relator reported late for assembly at the designated place. In violation of orders, he used private transportation to Fort Dix, since the Army transport had already departed. On this occasion he was not in the proper uniform.

6. On other occasions he reported without the proper uniform.

7. There is no proof that the action of Lt. Fossett in certifying Goldstein for induction was motivated by prejudice or dislike for Goldstein, and that his action was anything more than an exercise of his discretion.

8. There is no proof that any of the military or congressional regulations were violated in certifying relator for induction.

## DISCUSSION

 Although there can be no direct judicial review of selective service orders, it has been held that questions concerning proper classification may be raised in a petition for a writ of habeas corpus when registrant has submitted for induction. See, e. g. Eagles v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308 (1946); United States ex rel. Weidman v. Sweeney, 117 F.Supp. 739 (E.D.Pa.1953). This case is different in some respects from the typical one because the selective service system acted only as the machinery for

induction. They made no reclassification or separate review of relator's file. They merely acted on the Reserve's certification that petitioner should be inducted. Without any cases to the contrary, we hold that relator has the same rights in court as he would have if he had been reclassified by the selective service system. The question is still whether relator is unlawfully detained in the United States Army.

In passing, we mention one further problem. In the recent enactment to the Selective Service Act, Congress provided as follows as an amendment to 50 App.U.S.C. § 460(b) (3):

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction * *: *Provided,* That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

Both because the local board herein played only a mechanical role and because of the disposition of this case, we will not decide the jurisdictional question as to whether this precludes habeas corpus relief.[3]

The ordinary scope of review in judicial proceedings is severely limited in induction cases. The Supreme Court has interpreted the relevant statutes to mean that the courts are not to weigh the evidence before the selective service boards to determine whether their actions were justified. Relief is afforded to an aggrieved party only if there is no basis in fact for the classification given to the registrant. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); see also, Eagles v. United States

ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313 (1946).

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and of the subject matter.

2. "Notwithstanding any other provisions of this Act, the President, under such rules and regulations as he may prescribe, may provide that any person enlisted or appointed after October 4, 1961, in the Ready Reserve of any reserve component of the Armed Forces * * * prior to attaining age of twenty-six years, * * * who fails to *serve satisfactorily* during his obligated period of service as a member of such Ready Reserve * * * may be selected for training and service and inducted into the armed force of which such reserve component is a part, prior to the selection and induction of other persons liable therefor." 50 App. § 456(c) (2) (D) (emphasis supplied). See also Tit. 32 § 1631.8 C.F.R.

Determination of whether Goldstein "performed satisfactorily" was a matter for the Army and its discretion cannot be supplanted or reviewed by this Court unless as in classification cases, there was no basis in fact for the certification. Satisfactory participation is defined by AR 135–90 C 6, § 15. (October 1, 1963).

3. All the relevant statutory and administrative procedures, including those of AR 135–90, were complied with in certifying relator for induction.

4. There was no showing that the relevant statute was in any way unconstitutional.

5. There was a basis in fact in Goldstein's being certified for induction in that he failed to attend the prescribed amount of meetings, in that he did not perform satisfactorily at others and in that he disobeyed orders on another occasion.

Writ of habeas corpus denied.

---

3. See U.S.Const. art. I, § 9.